UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEREMY HIGHTOWER,       )
                        )
        Petitioner,     )
                        )
    v.                  )       No. 4:20-CV-1701 NCC
                        )
DAVID VANDERGRIFF,      )
                        )
        Respondent.     )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On July 7, 2005, in the Circuit Court for the City of St. Louis, petitioner pled guilty to murder in the second degree, armed criminal action and one count of illegal possession of a controlled substance. *See Missouri v. Hightower*, No. (22ⁿᵈ Judicial Circuit, City of St. Louis). On August 26, 2005, petitioner was sentenced to life imprisonment on the murder charge, life imprisonment on the charge of armed criminal action, and seven years on the drug possession charge, all to be served concurrently. *Missouri v. Hightower,* No. (22ⁿᵈ Judicial Circuit, City of St. Louis). Petitioner did not file a direct appeal.

On November 8, 2005, petitioner filed a state court petition for post-conviction relief under Missouri Supreme Court Rule 29.035. *See Hightower v. State,* No. 2205P-04744 (22ⁿᵈ Judicial Circuit, St. Louis City Court). Counsel was appointed on behalf of petitioner in the post-conviction action, and he obtained an extension of time to file an amended motion to vacate. *Id.* On March

-1-

22, 2006, counsel for petitioner sought a voluntary dismissal of the action. The Court dismissed the action on that same date. *Id.* There is no indication in the Court record that either the voluntary dismissal or the order closing the file on November 13, 2007 was sent to petitioner.

Approximately ten years later, on January 3, 2017, petitioner filed a second motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.035. *Hightower v. State*, No. 1722-CC00010 (22nd Judicial Circuit, St. Louis City Court). Petitioner alleged abandonment by his post-conviction counsel in his 2005 action. The Circuit Court appointed new counsel for the limited purpose of showing cause why the motion to vacate should not be dismissed. At an initial hearing (at which the State did not appear), the Court directed counsel for petitioner to submit affidavits from petitioner and former post-conviction counsel regarding the filing of the voluntary dismissal. Counsel duly filed the affidavits, and petitioner filed an additional affidavit pro se. After reviewing the record, the Circuit Court found that there lacked evidence to show that appointed counsel had abandoned petitioner. Accordingly, the Circuit Court denied petitioner's motion to vacate as untimely on August 29, 2017. However, the order denying the motion to vacate was mistakenly entered into petitioner's prior post-conviction action from 2005. *See Hightower v. State,* No. 2205P-04744 (22nd Judicial Circuit, St. Louis City Court). The Circuit Court recognized the clerical error and entered the same Order of Dismissal in *Hightower v. State*, No. 1722-CC00010 (22nd Judicial Circuit, St. Louis City Court) on March 12, 2018. *Id.*

Petitioner appealed the denial of his motion to vacate on April 9, 2018. *See Hightower v. State*, No. ED106580 (Mo.Ct.App.2018). The Missouri Court of Appeals dismissed the action on

-2-

May 16, 2018 due to petitioner's failure to file the appellate record, as well as a motion to file his appeal out of time.[1] Mandate was entered by the Court of Appeals on June 29, 2018. *Id.*

Petitioner filed a writ of mandamus in the Missouri Court of Appeals on May 2, 2018. *Hightower v. State*, No. 106675 (Mo.Ct.App.2018). In his writ of mandamus, petitioner sought an order from the Missouri Court of Appeals requiring Circuit Judge Dierker to release him from custody. Petitioner argued that the State of Missouri failed to re-indict him when it agreed to a lesser murder charge when he pled guilty. The Court of Appeals denied the writ on May 3, 2018. *Id.*

On June 27, 2018, petitioner filed a third motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.035. *Hightower v. State*, No. 1822-CC010485 (22nd Judicial Circuit, St. Louis City Court). The Circuit Court denied the motion to vacate as untimely and successive on February 21, 2019. *Id.*

Petitioner filed a writ of prohibition in the Missouri Court of Appeals on November 13, 2018. *Hightower v. State*, No. ED107315 (Mo.Ct.App.2018). In his writ of prohibition and/or a petition for writ of mandamus against Circuit Judge Dierker, petitioner sought release from custody. In his petition, petitioner argued that the absence of a "file stamp" on his indictment meant his conviction was void. The Court of Appeals denied the writ on November 14, 2018. *Id.*

Petitioner filed the instant § 2254 petition on November 19, 2020 by placing his petition in the prison mailing system at Eastern Reception, Diagnostic and Correctional Center.

In the instant action, petitioner asserts that: (1) the state court lacked subject matter jurisdiction over his criminal case due to an "incomplete charging instrument"; (2) the indictment

---

[1]Petitioner had moved for appointment of counsel on appeal and his motion was denied.

in his state case was never filed and his conviction was therefore void; (3) the prosecutor failed to

"bond the claim" as required by the common law and the UCC; and (4) his life sentence should be

held "inactive" as the proper documents were not marked under the UCC.

### Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed after the expiration of the one-year time limit set by §

2244(d). Petitioner acknowledges this in his petition, but he states her petition should not be barred

by the statute of limitations because his grounds for relief are "jurisdiction and can be raised at any

time." Petitioner is incorrect in his assertions.

-4-

By claiming that his indictment in his criminal case was void and that his charging documents were not properly bonded and marked under the UCC, petitioner is claiming that there were procedural infirmities in his criminal proceedings. These claims had to be brought within the one-year statute of limitations, just like any other claims for relief under 28 U.S.C. § 2244. Additionally, the Court notes that claims such as these, where a petitioner asserts that he is immune from prosecution under the UCC, and makes other statements often used by people who believe they are exempt from the jurisdiction of the courts, have been summarily rejected as frivolous in the Eighth Circuit and in other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a "sovereign citizen"); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why this action should not be dismissed as time-barred.

-5-

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this _____ day of December, 2020.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE