**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JEREMY HIGHTOWER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:20-CV-1701 MTS |
| | ) |
| DAVID VANDERGRIFF, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's response to the Order to Show Cause issued on December 8, 2020. On that date, the Court ordered Petitioner to show cause why his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner filed a response to the Show Cause Order on December 28, 2020. After reviewing the response, the Court will dismiss this action as time-barred.

On July 7, 2005, in the Circuit Court for the City of St. Louis, Petitioner pleaded guilty to murder in the second degree, armed criminal action, and one count of illegal possession of a controlled substance. *See Missouri v. Hightower*, No. 22041-02027-01 (22nd Judicial Circuit, City of St. Louis). On August 26, 2005, Petitioner was sentenced to life imprisonment on the murder charge, life imprisonment on the charge of armed criminal action, and seven years on the drug possession charge, all to be served concurrently. *Id*. Petitioner did not file a direct appeal.

On November 8, 2005, Petitioner filed a state court petition for post-conviction relief under Missouri Supreme Court Rule 24.035. *See Hightower v. State,* No. 2205P-04744 (22nd Judicial Circuit, St. Louis City Court). Counsel was appointed on behalf of Petitioner in the post-conviction

action, and he obtained an extension of time to file an amended motion to vacate. *Id.* On March 22, 2006, counsel for Petitioner sought a voluntary dismissal of the action. The Court dismissed the action on that same date. *Id.* There is no indication in the Court record if the voluntary dismissal order was sent to Petitioner.

Approximately ten years later, on January 3, 2017, Petitioner filed a second motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. *Hightower v. State*, No. 1722-CC00010 (22nd Judicial Circuit, St. Louis City Court). Petitioner alleged abandonment by his post-conviction counsel in his 2005 action. The Circuit Court appointed new counsel for the limited purpose of showing cause why the motion to vacate should not be dismissed. At an initial hearing (at which the State did not appear), the Court directed counsel for Petitioner to submit affidavits from Petitioner and former post-conviction counsel regarding the filing of the voluntary dismissal. Counsel duly filed the affidavits, and Petitioner filed an additional affidavit pro se. The Circuit Court reviewed the record and found that it lacked evidence to show that appointed counsel had abandoned Petitioner. Accordingly, the Circuit Court denied Petitioner's motion to vacate as untimely on August 29, 2017. However, the order denying the motion to vacate was mistakenly entered into Petitioner's prior post-conviction action from 2005. *See Hightower v. State*, No. 2205P-04744 (22nd Judicial Circuit, St. Louis City Court). The Circuit Court recognized the clerical error and entered the same Order of Dismissal in *Hightower v. State*, No. 1722-CC00010 (22nd Judicial Circuit, St. Louis City Court) on March 12, 2018. *Id.*

Petitioner appealed the denial of his motion to vacate on April 9, 2018. *See Hightower v. State*, No. ED106580 (Mo. Ct. App. 2018). The Missouri Court of Appeals dismissed the action

on June 6, 2018, due to Petitioner's failure to file the appellate record, and issued its mandate on June 29, 2018.[1] *Id.*

Petitioner filed a writ of mandamus in the Missouri Court of Appeals on May 2, 2018. *Hightower v. State*, No. 106675 (Mo. Ct. App. 2018). Petitioner sought an order from the Missouri Court of Appeals requiring Circuit Judge Dierker to release him from custody. Petitioner argued that the State of Missouri failed to re-indict him when it agreed to a lesser murder charge when he pleaded guilty. The Court of Appeals denied the writ on May 3, 2018. *Id.*

On June 7, 2018, Petitioner filed a third motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. *Hightower v. State*, No. 1822-CC010485 (22nd Judicial Circuit, St. Louis City Court). The Circuit Court denied the motion to vacate as untimely and successive on February 21, 2019. *Id.*

Petitioner filed a writ of prohibition in the Missouri Court of Appeals on November 13, 2018, against Circuit Judge Dierker, seeking release from custody. *Hightower v. State*, No. ED107315 (Mo. Ct. App. 2018). Petitioner argued that the absence of a "file stamp" on the indictment meant his conviction was void. The Court of Appeals denied the writ on November 14, 2018. *Id.*

Petitioner filed this § 2254 petition on November 24, 2020, by placing his petition in the prison mailing system at Eastern Reception, Diagnostic and Correctional Center. Petitioner asserts that: (1) the state court lacked subject matter jurisdiction over his criminal case due to an "incomplete charging instrument;" (2) the indictment in his state case was never signed by him, thus "relieving him of all liability per Uniform Commercial Code Section 3-401;" (3) the

---

[1] Petitioner's motion for appointment of counsel on appeal was denied.

prosecutor failed to "bond the claim" as required by the common law and the Uniform Commercial Code; and (4) his life sentence should be held "inactive" as the proper documents were not "adequate or official" under the UCC. Doc. [1].

## Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This petition was filed after the expiration of the one-year time limit set by § 2244(d). Petitioner acknowledges this in his petition but claims his petition should not be barred by the statute of limitations because his grounds for relief are "jurisdictional and can be raised at any time." Doc. [1].

On December 8, 2020, the Court ordered Petitioner to show cause as to why his action should not be dismissed as time-barred. Doc. [4]. On December 28, 2020, Petitioner responded to the Court's Memorandum and Order. Doc. [6]. Petitioner asserts in his response that: (1) his criminal charges were made to a "corporate entity" rather than himself as shown by the fact that the indictment included his name in all capital letters; (2) because his status is that of "a man" and not a corporate entity, the indictment was void against him; (3) the Uniform Commercial Code (UCC) is the proper means for relief due to the passing of the Federal Reserve Act by Woodrow Wilson, and because the UCC states that "an instrument" must be signed and consented to, and he neither signed nor consented to the indictment, it is void against him; and (4) the State of Missouri is a bankrupt entity under the House Joint Resolution Act, put into effect under Franklin D. Roosevelt, such that Missouri cannot pursue criminal charges against prisoners. *Id*.

By claiming that the indictment in his criminal case was void, and that his charging documents were not properly bonded and marked under the UCC, Petitioner is claiming that there were procedural infirmities in the criminal proceedings. These claims had to be brought within the one-year statute of limitations just like any other claim for relief under 28 U.S.C. § 2254. Additionally, the Court notes that claims such as these, where a Petitioner asserts that he is immune from prosecution under the UCC, and makes other statements often used by people who believe they are exempt from the jurisdiction of the courts, have been summarily rejected as frivolous in the Eighth Circuit and in other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a "sovereign citizen"); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct

of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous). As a result, the Court will dismiss the petition as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. A separate Order of Dismissal shall accompany this Memorandum and Order

Dated this 7th day of January, 2021

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE